FOURNET, Justice.
 

 Mrs. Lorraine Labarthe Zay, having purchased real property located in New Or
 
 *194
 
 leans affected by the recordation of a- general and a special mortgage in favor of the minors, Louisa Augusta, Edith Ruth, and Philip J. Burg, Jr., ruled their natural tutor and undertutor, as well as the Recorder of Mortgages for the Parish of Or-. leans to show cause why these incumbrances should not be cancelled in so far as they affected her properly, and from the judgment of the lower court ordering these cancellations the recorder only has appealed. A motion was filed in this court to have the appeal dismissed on the ground that inasmuch as neither the minors’ tutor nor their undertutor appealed from the judgment, the recorder was without interest to do so. The motion was denied for the reason that the recorder, being a party defendant, had an appealable interest, not only as a matter of right, but also within the meaning and contemplation of Article 571 of the Code of Practice, because.of his obligation on his bond. See Succession of Burg, 194 La. 985, 195 So. 513. The case is now before us for consideration on the merits.
 

 The record reveals that Burg’s wife died on January 18, 1930, leaving surviving her as her sole and only heirs at law the minor children born during her marriage to Burg. The surviving spouse, having complied with all of the requisites of law, including the recordation of the inventory in the • mortgage office on March 27, 1931, qualified as natural tutor of his minor children, with R. W. Vorhaben as undertutor. On May 19 following Burg obtained a judgment adjudicating the community property (including the property located at 2233-35 Eighth Street, now owned by the plaintiff in the rule) to him. This adjudication was also recorded in the mortgage office, and on the same day, May 19, he obtained an authorization of court to substitute for the mortgage created by the recordation of this adjudication and the general mortgage created by the recordation of the abstract of inventory, a special mortgage, but this substitution was never consummated. On June 16 the Equitable Homestead Association secured a judgment against Burg for the balance dqe on property purchased during the existence of the community and, in order to satisfy this judgment, Burg, on October 7, 1931, sold the Eighth Street property to the Dixie Homestead Association, applying the proceeds of the sale toward the payment thereof. Plaintiff in the rule acquired the property from the association by deed dated October 22, 1935. The property had been previously sold to Miss Margaret Mackenroth by the association b,ut reacquired from her under foreclosure proceedings for failure to pay the purchase price. In the meanwhile, the undertutor having died, an attorney of the New Orleans Bar was appointed .undertutor at hoc to represent the minors in this proceeding.
 

 During the trial of the rule in the lower court the attorney stated he was satisfied that since the tutor sold the community property to pay a judgment creditor of the community, the property having been sold for a fair price, the minors’ rights were not prejudiced thereby.
 

 The only interest the Recorder of Mortgages could possibly have in this litigation would be to see that he is protected from
 
 *196
 
 any liability resulting from the cancellation under the judgment of the lower court and, inasmuch as this judgment was rendered by a court of competent jurisdiction, from which judgment neither the tutor nor the undertutor has appealed in behalf of the minors, we are of the opinion that the Recorder of Mortgages is fully protected, the proceedings being regular in all respects.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.